UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 3:26-CR-34-TAV-DCP
)
SHAWN DOUGLAS SMITH, )
)
Defendant. )
)

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Shawn Smith's Unopposed Motion to Continue Trial Date and Relevant Deadlines [Doc. 14], filed on May 22, 2026.

Defendant Smith asks the Court to continue the June 23, 2026 trial date for ninety days and to extend the May 22, 2026 plea deadline [*Id*. ¶ 5]. In support of his motion, Defendant states defense counsel needs time to confer with the Government regarding a potential negotiated resolution of the case [*Id*. ¶ 1]. He asserts that defense counsel also needs additional time to confer with him on factual and legal matters [*Id*. ¶ 1]. The motion relates that the Government does not oppose the requested continuance [*Id*. ¶ 4]. Defendant also states that he understands the time between the filing of the motion and the new trial date is excludable for speedy trial purposes [*Id*. ¶ 3].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the

interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs additional time to confer with Defendant and to engage in plea negotiations. If plea negotiations are ultimately not fruitful, defense counsel needs time to ready the case for trial. The Court finds that all of this cannot occur before the June 23, 2026 trial date.

The Court therefore **GRANTS** Defendant Smith's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 14**]. The trial of this case is reset to **September 29, 2026.** A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on May 22, 2026, and the new trial date is fully excludable under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 29, 2026, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **May 22, 2026**, and the new trial date of **September 29**, **2026,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 28, 2026**;

2

(5) the deadline for filing motions *in limine* is **September 14, 2026**, and responses to motions *in limine* or due on or before **September 22, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 9, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 18, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3